IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON DALE MEADOR,

    Plaintiff,                        No. CIV S-10-0901 FCD DAD P

    vs.

WEDELL, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed motions for a preliminary injunction and the appointment of counsel.

        Plaintiff's motion for a preliminary injunction is defective and premature. Filed concurrently with this order, the court has issued an order requiring plaintiff to submit documents to effect service on defendants Wedell and Bobbola. The defendants have not yet been served with process nor have they been provided an opportunity to respond to plaintiff's allegations. Plaintiff's motion for a preliminary injunction is also defective in a number of respects. In order to obtain preliminary injunctive relief, a party must demonstrate "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans,

Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. Oct. 28, 2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008)).  Here, plaintiff has not demonstrated that he satisfies the requirements for the granting of a preliminary injunction. Plaintiff has not made a sufficient showing at this stage of the litigation with respect to a number of critical issues that would be necessary to find that he was likely to succeed on the merits, such as, whether defendants were deliberately indifferent about plaintiff's medical care, whether and how plaintiff has been harmed by delays in receiving medical care, and whether plaintiff's complaints regarding the medical care he has received is merely a difference of opinions as to the appropriate medical care to be rendered rather than being indicative of deliberate indifference on the part of defendants.  Moreover, Local Rule 231(d) requires that specific documents be submitted for a preliminary injunction and plaintiff has failed to comply with the Local Rule in this regard.  Plaintiff's affidavit, filed on August 10, 2010, also fails to address any of the deficiencies noted above.  Therefore, plaintiff's motion for a preliminary injunction will be denied without prejudice as both defective and premature.

Plaintiff has also filed a motion for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 14, 2010 motion for preliminary injunction (Doc. No. 2) is denied without prejudice as both defective and premature; and

/////

2. Plaintiff's April 22, 2010 motion for the appointment of counsel (Doc. No. 6) is denied.

DATED: October 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mead0901.pi.31