IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON DALE MEADOR,

    Plaintiff,                       No. CIV S-10-0901 KJM DAD P

    vs.

WEDELL, et al.,                     <u>ORDER AND</u>

    Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 28, 2011, defendants Wedell and Bobbola filed a motion to dismiss, and/or in the alternative, motion for summary judgment. Plaintiff has filed an opposition to the motion, defendants have filed a reply, and plaintiff has filed an unauthorized response to defendants' reply.

**BACKGROUND**

        In his complaint, filed on April 14, 2010, plaintiff alleges as follows. Defendants Dr. Wedell and Dr. Bobbola, employed as physicians at the California State Prison-Sacramento (CSP-Sacramento), refused to order a new MRI for plaintiff and generally failed to provide adequate medical care for plaintiff's back pain which limited his mobility and caused him sleep deprivation. Plaintiff was transferred to CPS-Sacramento on October 8, 2009, and later that

1

month, sought treatment for his back pain.  (Compl. (Doc. No. 1) ¶¶ 9-11 at 4.)  Defendant Dr. Bobbola refused to order any medication to treat plaintiff's pain until she had reviewed plaintiff's previous MRI results.  (Id. ¶ 11 at 4.)  Those MRIs were taken in 2000 and 2004 and confirmed that plaintiff had suffered spinal damage.  (Id. at 3 & ¶ 5 at 4.)  However, plaintiff's MRI results were misplaced by prison medical staff and could not be located.  (Id. ¶¶ 12-13, at 4-5.)  As a result, defendants "refused treatment of any kind for several months. [sic] causing severe pain and suffering because of damage to back and left leg."  (Id. ¶ 14 at 5.)

    Plaintiff filed a 602 inmate appeal on or about October 19, 2009 (Log No. SAC-10-09-12724), requesting that his 2002 MRI results be located so that he could be treated and if the MRI results could not be located, that a new MRI be taken.  (Id. ¶ 14 at 5; Id. at 18.)  On February 9, 2010, that administrative appeal was partially granted at the first level of review.  (Id. at 18.)  In partially granting the appeal prison officials advised plaintiff that he had already been provided copies of the MRI's taken on December 13, 2000 and May 6, 2004, that no MRI had been taken in 2002 and that he had previously been advised "to submit a 7362 for the doctor line to have a specialty referral written."  (Id.)

    Plaintiff submitted 7362 medical request forms on the following dates:  October 12, 2009 (requesting a new MRI and indicating he has pain on both sides of his back and left leg); November 26, 2009 (requesting his 2002 MRI be located); January 16, 2010 (requesting MRI and pain medication); March 15, 2010 (indicating he has sharp pain, cannot sleep, cannot stand for longer than 5 minutes); and March 19, 2010 (requesting new back brace and cane).  (Id. at 20-27.)

    On January 20, 2010, plaintiff submitted an emergency inmate appeal (Log No. SAC-10-10-10037) concerning pressure sores on his buttocks and back and requesting an egg crate mattress and donut cushion.  (Id. at 29.)  Plaintiff contends that in responding to this appeal, defendant Dr. Wedell refused to acknowledge that plaintiff is an ADA inmate.  (Id. ¶ 17 at 5.)  However, plaintiff's own complaint alleges that defendant Dr. Wedell did order a double

mattress, an "EMG/NCV evaluation for nerve damage, and a low dose of 'Gabapentin' for pain" for plaintiff, apparently in response to this appeal. (Id. ¶ 17 at 5; id. at 29.)

On March 17, 2010, "Dr. Wedell finally ordered 'Methadone' and 'Gabapentin' for pain." (Id. ¶ 18 at 6.) Although plaintiff complained about intense pain radiating from both sides of his back and left leg to his foot, defendant Dr. Wedell "still refused to order a new MRI" for plaintiff's back. (Id. ¶ 19 at 6.)

Because plaintiff continued to suffer severe pain, on April 7, 2010, he was placed on "Dr. Line for further back pain treatment." (Id. ¶ 20 at 6.) Plaintiff told defendant Dr. Wedell that he still had severe pain, that he could not sleep, that the pain was now radiating from both sides of his back and up and down his spine to his left leg and foot with "burning and tingling" in his foot." (Id.) Defendant Dr. Wedell "stated that the nerve damage was not severe" and although plaintiff explained about the worsening pain and difficulty sleeping, defendant Dr. Wedell still refused to order a new MRI. (Id.) As a result of this lack of adequate treatment, plaintiff "still suffers back pain[,] cannot sleep, cannot stand for longer than 5 to 20 minutes at a time" even as defendants continue to refuse to order a new MRI. (Id. ¶¶ 22-23 at 7.)

Plaintiff seeks the following relief: Declaratory judgment affirming his constitutional rights under the Fourteenth and Eighth Amendments, and declaring that defendants have caused "infliction of physical and mental stress;" injunctive relief requiring defendants to provide him with a new MRI "and fair and adequate treatment;" a preliminary injunction "which prevents defendants from their continued ongoing violations of plaintiffs [sic] constitutional rights under the 8th and 14th Amendments to the United States Constitution, and California State Law; a preliminary hearing in support of the preliminary injunction; appointment of counsel; monetary damages in the amount of $2,000 for each day plaintiff was subjected to inadequate medical treatment; an order finding that defendants are not entitled to qualified immunity; and other relief the court "deems just and proper[.]" (Id. at 7-9.)

/////

**DEFENDANTS' MOTION TO DISMISS**

I. <u>Defendants' Motion</u>

     Defendants move to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to exhaust his administrative remedies prior to filing this civil action as required. In support of their motion, defendants rely on the declaration of Aida Briones, the Appeals Coordinator at CSP-Sacramento. (Doc. No. 41.)[1] According to that declaration and the attachment thereto, plaintiff filed the following inmate appeals with the results as indicated:

> (1) **Log No. SAC-H-09-01559**, dated November 20, 2009: reasonable accommodation or modification request (CDC 1824) requesting medication and a wheelchair. On December 7, 2009, the request was suspended pending specialty testing. Plaintiff appealed to the first level and the appeal was **denied** on April 15, 2010.
>
> (2) **Log. No. SAC-09-12724**, dated November 28, 2009: inmate appeal (CDCR 602) requesting that his MRI reports be located and a new MRI be done on his spine. The first level review was **partially granted** on February 16, 2010, but no appeal was taken to the second level.
>
> (3) **Log. No. SAC-10-10037**, dated December 11, 2009: inmate appeal (CDCR 602) requesting an egg crate mattress and donut cushion because of pressure sores on buttocks and back. The appeal was denied at the first level and **partially granted** at the second level.

(<u>See</u> Doc. No. 41-1 at 6-23.)

     Defendants argue that plaintiff failed to exhaust his administrative remedies prior to filing suit since none of his three inmate appeals were taken by him to the Director's level of review. In addition, defendants argue that plaintiff failed to exhaust his administrative remedies because none of his inmate appeals have a connection to the allegations against the defendants

---

[1] Defendants have also submitted the declaration of Chief L.D. Zamora of the Third Level Appeals-Healthcare (OTLA-HC) stating that none of plaintiff's inmate appeals noted above were pursued by him to the Director's Level of review. (Doc. No. 42).

1   set forth in his complaint, the defendants were not named in his inmate appeals, and the
2   defendants were not provided adequate notice through the inmate grievances of the allegations
3   plaintiff has advanced in his complaint.  (Doc. No. 39 at 11.)  Defendants argue that dismissal
4   with prejudice is appropriate where administrative remedies were available to plaintiff, were not
5   pursued and have now become unavailable.  (Id. at 12.)  According to defendants, plaintiff had
6   the opportunity to exhaust his administrative remedies but failed to do so and because of time
7   restrictions for the filing of inmate appeals set forth in § 3084.6(c) of the California Code of
8   Regulations, any inmate appeal plaintiff could now file regarding these matters would be
9   untimely.  (Id.)

II.  Plaintiff's Opposition

Plaintiff asserts that the documents submitted by defendants support his contention that he did exhaust all available administrative remedies because his appeals were either rejected or closed by the appeals coordinator.  (Doc. No. 45)  "Plaintiff exhausted all the CDCR 602's as far as the California Department of Corrections and Rehabilitation would allow.  Unfortunately, the prison appeals office wouldn't allow furthing [sic] processing of plaintiffs [sic] CDCR 602's."  (Id. at 1-2.)  Plaintiff contends that defendants had "appx. 25 opportunities to correct their wrongs" because plaintiff submitted numerous sick call slips over a four-month period.  (Id. at 2.)  Referring to defendant Dr. Wedell's declaration, plaintiff points out that defendant therein failed to explain why he "refused to treat the plaintiff for his serious injury until the MRI results were located."  (Id.)  Plaintiff contends that during the time his MRI results were missing, he was suffering from unbearable pain, couldn't sleep, couldn't stand for longer than five minutes and suffered other harm.  (Id.)  Plaintiff claims that he has "tried tirelessly [sic] to obtain treatment for his back" by submitting sick call slips, then 602 inmate appeals.  (Id.)  Plaintiff also asserts, "the prison appeals coordinator denied him his right to completely exhaust the administrative appeal process[.]"  (Id. at 3.)  On this point, plaintiff attaches a document titled "Appeal History For (C57959) Meador, Dale" which was submitted as an exhibit

5

1 in support of defendants' motion to dismiss. (Id. at 11-19.) The document shows that plaintiff
2 submitted several inmate appeals at the informal, first and second levels of review between
3 October of 2009 and July of 2010. (Id.)

4       In his declaration filed with the court on May 18, 2011, plaintiff again contends
5 that he "tried repeatedly to exhaust my administrative remedies in this case, but the appeals
6 coordinator kept returning the 602 appeal with "closed" or "rejected." (Doc. No. 44 at 2.)
7 Plaintiff argues "that for 4 months I was denied medical treatment because medical lost my MRI
8 reports, and Wedell and Bobbola refused to treat me until the MRIs were located." (Id.) Plaintiff
9 contends that defendant Dr. Wedell explained to plaintiff that "[h]e could not order a new MRI
10 as the State of California was broke and CDCR has to cut back, no money [sic]." (Id. at 3.)

11       Finally, plaintiff has provided the court with a declaration from inmate Chet
12 Randall Pruitt in which inmate Pruitt declares that defendant Dr. Wedell also provided him with
13 inadequate medical care for his back condition. (See Doc. No. 43.)

14 III. Defendants' Reply

15       Defendants argue that plaintiff has provided no evidence suggesting that he
16 exhausted his administrative remedies as required prior to filing suit. (Doc. No. 46 at 2.)
17 Defendants repeat there argument that no records show that plaintiff took any of his appeals to
18 the Director's Level. (Id.) In addition, defendants assert that plaintiff's own medical appeals log
19 reflect that he failed to pursue any of his inmate appeals to the Director's Level. (Id.)

20 IV. Plaintiff's Unauthorized Response to Defendants' Reply

21       In this unauthorized submission, plaintiff repeats his claim that he exhausted
22 administrative remedies "as far as the Folsom Appeals Coordinator would allow." (Doc. No. 48
23 at 1.) Plaintiff again contends that appeals coordinator Briones "repeatedly rejected" his efforts
24 to exhaust administrative remedies. (Id. at 2.) As a result, plaintiff contends that for four months
25 he was in constant pain suffered sleep loss because his MRI reports were missing and that when
26 they were finally located he was only "given minimal treatment." (Id. at 2-3.)

V. Plaintiff's Lodged Documents

After plaintiff filed his unauthorized response[2] to defendants' reply, he lodged the following three documents with the court:

    (1) A first level decision in response to Appeal Log No. SAC-HC-11-014145, dated June 23, 2011, which concerned the alleged denial of medical treatment by defendants Wedell and Bobbola from October 8, 2009 to February 9, 2010. The appeal was partially granted in that it was noted that plaintiff's then-current pain medications were effective.

    (2) An Inmate appeal form for Log No. SAC-HC-11-014145, dated May 5, 2011, which records that plaintiff's first level appeal was partially granted on June 28, 2011.

    (3) A letter to plaintiff from HealthCare Appeals Coordinator Briones, dated June 1, 2011, indicating that his appeal No. SAC HC 11014145 was being returned to him because the time limits for submitting that appeal had been exceeded.

(Doc. No. 49 at 2-7.)

**ANALYSIS**

I. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures.

---

[2] Plaintiff did not seek leave to file any of these unauthorized documents in support of his opposition to defendants' motion to dismiss. Nonetheless, in light of plaintiff's pro se status the court will consider them.

Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement.  Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  Most appeals progress through three levels of review.  See id. § 3084.7.  The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. § 3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense.  See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion.  Wyatt , 315 F.3d at 1119.  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id.  "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust - a procedure closely analogous to summary judgment - then the court must assure that [the prisoner] has fair notice of his opportunity to

/////

/////

/////

develop a record."³  When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice 'when there is no presuit exhaustion' . . . .")  On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

II. Discussion

As noted above, the exhaustion of administrative remedies is mandatory.  For California prisoners exhaustion is satisfied by submitting an inmate appeal to the third formal level of review, also referred to as the director's level.  The parties do not dispute the fact that plaintiff failed to submit any of his inmate appeals to the director's level for review.  Instead, plaintiff asserts that he has exhausted administrative remedies because although he submitted numerous inmate appeals raising concerns regarding his medical treatment, those appeals were returned by the litigation coordinator as either closed or rejected.  (Doc. No. 44 at 2.)  In support of this contention, plaintiff refers to and submits the same inmate appeal history report which was submitted by defendants attached to the declaration of L.D. Zamora, Chief of the Office of Third Level Appeals-Healthcare.  (Doc. No. 42 at 5-13 and Doc. No. 45 at 11-19.)  That document is a record of plaintiff's appeal history from October of 2009 to October of 2010.  Id.  The report reflects that plaintiff submitted twenty-two inmate appeals during this period.  Id.  It also reflects that several of plaintiff's inmate appeals were rejected at the informal level of review but does not provide a detailed explanation as to why those inmate appeals were rejected or closed.  Id.  The report in many instances provides only a brief description of the general type of issue raised by plaintiff in those appeals.  Id.  Finally, with respect to five of plaintiff's inmate appeals that were rejected or closed at the informal or first level of review the report contains no

---

³ Plaintiff was notified of the requirement for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on October 29, 2010.  (Doc. No. 24, ¶ 9 at 3-4.)

description of the issue being raised.  See Doc. No. 42 at 5-13, Tracking Nos. SAC HC 11007678, SAC HC 1107672, SAC HC 11007713, SAC HC 11007803, and SAC HC 11007893.

The Ninth Circuit has "recognized that the PLRA . . . does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)).  In Sapp the court explained that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable'" and that this may occur when "prison officials screen out an inmate's appeals for improper reasons[.]" Id.  In order to demonstrate that such circumstances existed and that his administrative remedies were rendered effectively unavailable,

> a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening. In particular, the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.

Id. at 823-24.

Here, however, plaintiff has not identified any specific inmate appeal that he filed that was improperly screened-out and which would have exhausted his administrative remedies with respect to his claims alleged in this civil action.  Plaintiff's mere conclusory allegation that his inmate appeals were improperly rejected and closed is insufficient.  Plaintiff's reference to his appeal history report, which both parties have submitted as supporting their position, is not sufficient for this purpose.  As noted above, that report only briefly describes or does not describe at all the issues raised in any particular inmate appeal. (Doc. No. 45 at 11-19.)  Moreover, to the extent the document reflects the issues raised it appears to show that plaintiff grieved a variety of medical issues seemingly unrelated to his claims in this civil action, such as his diet, his request for referral to a dermatologist, his request for a cane and mental health care.  The court also notes

1  that plaintiff has failed to explain in what way his inmate appeals were improperly screened-out
2  or rejected in a manner inconsistent with the governing California regulations.  It is plaintiff's
3  burden to show that circumstances existed which rendered his administrative remedies
4  effectively unavailable.  Plaintiff has not done do.
5              In short, plaintiff has simply not identified which of his inmate appeals submitted
6  at the lower levels would have exhausted his administrative remedies nor has he explained how
7  any specific appeal was improperly screened-out or rejected under California regulations
8  governing the processing of inmate appeals.  See Barrett v. Cate, No. 1:09-cv-01741 LJO JLT
9  (PC), 2011 WL 6753993, at *10 (E.D. Cal. Dec. 23, 2011) (plaintiff should not be excused from
10  the exhaustion requirement where he failed to provide any evidence that he used the grievance
11  procedure to challenge the screening decision, or to show that prison officials thwarted his efforts
12  to utilize the prison grievance procedure); Jones v. Plessas, No. 2:09-cv-2133 KJM KJN P, 2011
13  WL 5593038, at *6 (E.D. Cal. Nov. 16, 2011) (plaintiff failed to demonstrate that his
14  administrative remedies were unavailable when he made only a conclusory assertion that officials
15  destroyed or mishandled his appeals but failed to identify which of his screened-out appeals
16  would have exhausted his claims); Lipsey v. Reaume, No. CV 08-7515-DOC (JEM), 2010 WL
17  3397046, at *7 (C.D. Cal. July 23, 2010) ("Plaintiff has not demonstrated that he has taken
18  'reasonable and appropriate steps' to exhaust administrative procedures.  Filing defective
19  informal appeals and failing to file a formal first level appeal, either initially or after his informal
20  appeals were returned or ignored, are not 'reasonable and appropriate steps.'"), adopted by 2010
21  WL 3419668 (C.D. Cal. Aug. 25, 2010); Carrea v. California, No. EDCV 07-1148-CAS (MAN),
22  2010 WL 3984832, at *13 (C.D. Cal. Aug. 25, 2010) ("[A]lthough plaintiff indicates that
23  administrative remedies were unavailable to him, the essence of his argument is, in fact, that he
24  did not pursue his administrative remedies, because it would have been futile to do so."), adopted
25  by 2010 WL 3985820 (C.D. Cal. Oct. 5, 2010); Godoy v. Wadsworth, No. CV 05-02913 NJV,
26  2010 WL 366640 at *6 (N.D. Cal. Jan. 26, 2010) ("The record is not sufficient to excuse

1  exhaustion where Plaintiff hasn't shown that administrative procedures were unavailable, that
2  prison officials obstructed his attempt to exhaust or that he was prevented from exhausting
3  because procedures for processing grievances weren't followed.") (internal quotation marks
4  omitted).

5        The court notes that plaintiff's efforts to exhaust his administrative remedies after
6  this civil action was filed are of no avail.  A prisoner is required to exhaust administrative
7  remedies for claims contained within a complaint before the complaint is filed.  Rhodes v.
8  Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).  Compliance with this requirement is not
9  achieved by satisfying the exhaustion requirement during the course of an action.  See McKinney
10  v. Carey, 311 F.3d 1198 (9th Cir. 2001).  Therefore, the documents lodged by plaintiff indicating
11  that he submitted inmate appeals in 2011 concerning defendants Wedell and Bobbola's alleged
12  denial of medical treatment and pain medication from October 8, 2009 to February 9, 2010 (Doc.
13  No. 49), does not establish exhaustion of administrative remedies prior to the filing of this civil
14  action on April 14, 2010.

15        For all of these reasons, the court will recommend that this action be dismissed
16  without prejudice.[4]

17  III.  Other Pending Motions and Requests

18        In light of the recommendation that defendants' motion to dismiss be granted due
19  to plaintiff's failure to exhaust his administrative remedies prior to filing suit, the court need not
20  address defendants' other arguments, including their alternative motion for summary judgment
21  and their contention that they are entitled to qualified immunity as a matter of law.

---

[4] Defendants seek dismissal with prejudice due to plaintiff's failure to exhaust, relying on out of circuit authority.  (Doc. No. 39 at 8) (citing Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004).  However, binding Ninth Circuit authority provides that "[i]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (emphasis added).  See also O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1059 (9th Cir. 2007); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005)

1 Next, plaintiff has filed with the court a document styled, "Notice of Lodging of
2 Documents and for Judicial Notice of Said Documents" in support of his opposition to
3 defendants' motion to dismiss. (Doc. No. 58.) The document includes plaintiff's medical
4 records, medical request forms, and reports of MRI scans. Plaintiff requests that judicial notice
5 of these documents be taken in order to show that he was denied medical treatment and pain
6 medication until his MRI results were located, that physicians ordered that those prior MRI
7 reports be located, and that plaintiff complained about unbearable pain, lack of sleep, and
8 inability to walk or stand for long periods. Defendants have filed opposition to plaintiff's request
9 for judicial notice (Doc. No. 60), and plaintiff has filed a reply. (Doc. No. 63.) Because it
10 appears that plaintiff seeks that judicial notice be taken of disputed facts relating to the merits of
11 his claim that he received inadequate medical care, his request will be denied. See Rule 201(b)
12 of the Federal Rules of Evidence. In addition, to the extent plaintiff seeks that judicial notice be
13 taken of the documents he has submitted rather than adjudicative facts, the request is improper.
14 See Williams v. Sandham, No. CIV S-04-2291 FCD KJM P, 2008 WL 410611 at *4 (E.D. Cal.
15 Feb. 12, 2008) ("Although documents can be used to establish facts, the court may take judicial
16 notice only of facts, not documents."), adopted by 2008 WL 905355 (E.D. Cal. April 2, 2008).

17 Finally, plaintiff has requested that the court provide him "with 3subpoena duces
18 tecum," "'case management statement' forms," "a copy of 'ADR' handbook Dispute Resolution
19 procedures of the Eastern District - Northern California," and "a copy of your 'Notice of Need
20 for ADR Phone Conference.'" (Doc. No. 67.) In light of the court's recommendation that this
21 action be dismissed without prejudice due to plaintiff's failure to exhaust administrative
22 remedies prior to filing suit, these requests by plaintiff will be denied.

## CONCLUSION

24 IT IS HEREBY ORDERED that:

25 1. Plaintiff's November 16, 2011 request for judicial notice (Doc. No. 58) is
26 denied; and

2. Plaintiff's December 16, 2011 request for subpoena duces tecum, forms and ADR handbook (Doc. No. 67) is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' April 28, 2011 motion to dismiss on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this civil action (Doc. No. 39) be granted with this action being dismissed without prejudice; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mead0901.mtd